# In the United States Court of Federal Claims

No. 19-686C

(Filed: September 20, 2019)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **TYLER MARABLE,** | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES,** | ) |
|  | ) |
| Defendant. | ) |

Tyler Marable, *pro se*, Wedowee, Alabama.

Daniel S. Herzfeld, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Elizabeth M. Hosford, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Of counsel was Lt. Col. Charles J. Gartland, Chief, Military Personnel Litigation, Air Force Legal Operations Agency, United States Air Force.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff Tyler Marable has brought suit in this court against the United States Air Force (the "Air Force" or the "government") alleging false imprisonment and breach of contract. Mr. Marable alleges that during his enlistment the Air Force falsely imprisoned him in a psych ward and "performed some kind of psychological experiment" on him that was designed to "predict retention" and mitigate future psychological trauma. Compl. at 4-5. He alleges that he was subsequently discharged, violating his contract with the Air Force. *See* Compl. at 3. As compensation, Mr. Marable seeks five million dollars, additional punitive damages of an unspecified amount, and equitable relief in the form of a briefing by the Air Force about its experiment. Compl. at 5.

Because this court lacks subject-matter jurisdiction, Mr. Marable's claims are dismissed.

## BACKGROUND

Mr. Marable was enlisted in the United States Air Force between January 23, 2006 and March 1, 2006. Compl. at 3. Apparently during his basic training, Mr. Marable alleges that a drill instructor "made funny faces" at him, causing him to laugh. Compl. at 3. He claims that without his permission the military police took him to a psych ward in an ambulance because he had laughed, and, according to Mr. Marable, the drill instructor falsely told doctors that he had asked to go to the hospital. Compl. at 3. The military psychologist was apparently "unable to make a diagnosis." Compl. at 4. The Air Force committed him to the psych ward, Mr. Marable asserts, as part of a psychological experiment that was apparently designed to predict retention by creating a basis for discharging him and then monitoring his subsequent behavior. *See* Compl. at 3. Once he was discharged, the experiment would then observe Mr. Marable to see if he sought to enlist in the Army, which he did. Compl. at 3. Mr. Marable was discharged shortly thereafter, and he claims that the Air Force later told his mother over the phone that "they discharged me from basic training on purpose." Compl. at 3.

In the fall of 2015, Mr. Marable enrolled in an Abnormal Psychology college course, during which the professor diagnosed him with bipolar disorder. Compl. at 3. Mr. Marable's mother then took him to the Northeast Alabama Regional Medical Center, where doctors also diagnosed him with bipolar disorder, and he claims that the military inquired about him during his stay there. Compl. at 3. He admitted himself to the hospital in May 2018 and maintains that the military again followed him there, continuing its psychological experiment. Compl. at 4. Mr. Marable claims that these experiments, performed while he was both an enlisted airman and a civilian, exacerbated his preexisting bipolar disorder and caused him to be hospitalized for "manic dysphoric episodes" eight times between October 2015 and April 2019. Compl. at 4.

Mr. Marable filed his complaint with this court on May 6, 2019, alleging false imprisonment under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 (b)(1), 2674, and breach of contract. *See* Compl. at 1, 4. The government filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") on September 5, 2019. Def.'s Motion to Dismiss, ECF No. 10. Mr. Marable filed a motion for Default Judgment on September 13, 2019, claiming that the government's motion to dismiss was not a "reply" and thus the government's failure to timely reply to his complaint entitles him to default judgment. Pl.'s Motion for Default Judgment, ECF No. 11.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S.

2

206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Marable, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "Subject matter jurisdiction is an inquiry that this court must raise *sua sponte*." *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

The government argues that this court lacks jurisdiction to hear Mr. Marable's claim because it "asserts damages based on the Federal Torts Claims Act" and is barred by the statute of limitations. Def.'s Motion to Dismiss, at 3-4. Even if the discharge claim were timely, the government argues, Mr. Marable may not "pursue a breach of contract claim based on his military service." *Id.* at 5. Mr. Marable does not specifically address jurisdiction in his complaint.

As an initial matter, the Rules of the Court of Federal Claims require that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (citing RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (*per curiam*). Mr. Marable fails to provide any such statement. His complaint outlines the broad factual premises of his case, but nowhere, besides a passing reference to the FTCA, does he identify any federal statutes or money-mandating constitutional violations that would provide the court with jurisdiction. Mr. Marable's complaint is unavailing on this basis alone.

Moreover, Mr. Marable states that his complaint arises "under" the FTCA. Compl. at 1. But the Tucker Act is explicit that this court lacks jurisdiction over cases "sounding in tort." 28 U.S.C. § 1491(a)(1). Likewise, the text of the FTCA itself provides that the United States District Courts have "exclusive jurisdiction" to decide cases arising thereunder, thus preventing

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

this court from hearing such cases. 28 U.S.C. § 1346(b)(1). Therefore, this court lacks jurisdiction to hear Mr. Marable's claim under the FTCA.

Finally, Mr. Marable's breach of contract claim related to his discharge from the Air Force is barred by the statute of limitations.[2] A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim accrues "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, *i.e.,* when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting *Nager Elec. Co. v. United States*, 368 F.2d 847, 851 (Ct. Cl. 1966)) (other citations omitted). In military cases, the claim accrues "on the date of discharge." *Id.* Mr. Marable's claim accrued at the time of his discharge sometime in 2006. Therefore, the six-year statute of limitations for filing in this court had run, at the latest, by the end of 2012—years before Mr. Marable filed his claim in May 2019. Furthermore, the six-year statute of limitations required by Section 2501 is jurisdictional and is thus not susceptible to equitable tolling or any of the other doctrines that would excuse an untimely claim. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-36 (2008). Consequently, Mr. Marable's claim is not eligible for consideration of equitable tolling.

## CONCLUSION

For the reasons stated, Mr. Marable's complaint shall be DISMISSED without prejudice for lack of subject matter jurisdiction. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Senior Judge

---

[2] In addition, "[a] soldier's entitlement to pay is dependent upon statutory right," and accordingly "common-law rules governing private contracts have no place in the area of military pay." *Bell v. United States*, 366 U.S. 393, 401 (1961).